```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                            EASTERN DIVISION
```

United States of America,        :

    Plaintiff,                   :

  v.                              :     Case No. 2:08-cr-179(2)

William Lee Green,               :     JUDGE MARBLEY

    Defendant.                   :

### DETENTION ORDER

The Court held a bond revocation hearing in this case on November 25, 2008.  After hearing evidence and argument, the Court detained the defendant without bond.  The reasons for that action are set forth below.

Mr. Green was originally released on bond after his arrest in the Southern District of West Virginia.  One of the standard conditions of his bond was that he not commit any violation of Federal, State, or local law while this case was pending.  He was also directed not to use or possess any narcotic drug or other controlled substance unless it had been prescribed for him by a physician.  Subsequently, the Pretrial Services Officer filed a petition with the Court asking that Mr. Green's bond be revoked because he had engaged in new criminal activity.

According to the evidence proffered at the bond revocation hearing, Mr. Green sold two tablets of a controlled substance to an individual working undercover with the Columbus Police Department on October 6, 2008.  A subsequent search of his residence turned up additional narcotics.  He was charged in state court with trafficking in drugs, which is a felony.  At the hearing, Mr. Green stipulated that, if the case agent were called to testify, she would have testified to these facts.

18 U.S.C. §3148(b) provides that if a person on pretrial release commits a new crime which is a felony under Federal or State law, and if there is probable cause to believe that the crime has been committed, a rebuttable presumption arises that the person is both a danger to the community and a risk of flight and should not be released on bond. Here, there is probable cause to believe that Mr. Green committed a new drug offense. He did so while under federal indictment and less than one month after his bond conditions were established. The Court concluded that no conditions short of detention pending trial would be effective in preventing new criminal activity, and that Mr. Green did not rebut the presumption that he ought to be detained. For those reasons, his bond was revoked and he was ordered detained pending trial.

The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge